Avert, J.
The record, which gives rise to the controversy in the present case, was offered in evidence in behalf of the defendant, in an action of ejectment. It is a record of the proceedings before the court of common pleas, upon the petition of administrators for an order to sell land, of which their intestate died seized, for the purpose of paying demands against his estate. The proceedings were had under the statute of 1824, which defined the duties of executors and administrators. The plaintiffs in the ejectment objected, at the trial, to the introduction of the record, because Sarah Ann, one of the plaintiffs, who also was one of the children of the intestate, was not a party to the record. There does not appear to have been any other cause for excluding the record, and we proceed to inquire whether the ground alleged was sufficient for that purpose ; and here it will be found that we are not without decisions in our own court, which have a direct bearing, and, of • consequence, must be allowed to produce their influence upon the point discussed in the case.
In Ewing v. Hollister, (7 Ohio Rep., 2d part, 138,) the petition named two only of the minor heirs ; but at a subsequent *371 period, the guardian of two others appeared in court and acknowledged service, when the court proceeded to order a sale of the land of the intestate, but without causing the names of the last mentioned heirs to be inserted in the petition. The record, in that case, was brought directly before the court, upon a certiorari, and the proceedings were sustained — the court not finding any irregularity sufficient to call for a reversal. That case determined that it was not necessary to issue process against infants, provided their guardian entered an appearance for them; nor essential in such case, that their names should be found in the petition; and notwithstanding the alleged irregularities in both particulars, the interest of the minors passed by the sale.
It was decided in Robb v. Irwin, (15 Ohio Rep. 689,) that an order to administrators for the sale of real estate, would not be declared void, though there were no proof that the infants were served with process, if a guardian ad litem, appointed by the court, had appeared and answered for the infants. The judge, in delivering the opinion of the court, says: “ In truth, the whole matter resolves itself into this question : whether the court ordering the sale, had jurisdiction ? If it had, the proceedings are not void, and cannot be collaterally impeached.” The record, containing the order of sale, had been rejected at the trial, because it proved, in the opinion of the court, that jurisdiction over the person had never been acquired — the proof showing nothing further than the appointment and answer of a guardian ad litem. The judgment of the common pleas was reversed for rejecting that record.
The interpretation thus put upon the act of 1824, by these two decisions, was calculated, it must be manifest, to produce an extensive and most important influence. It would have the effect of quieting the title to numerous tracts of land, which had been purchased at public sales, upon the faith of judicial proceedings. It may be thought, perhaps, that some latitude of construction was adopted in the cases ; but it must be borne in mind that the court were examining, at the time, the rec *372 ords of proceedings before courts of extensive and general jurisdiction in the state — such as were deemed competent and trustworthy enough, both by the constitution and the laws, to decide upon all the highest interests of the citizen, in-the civil and criminal administration of justice, and in whose favor the existence of jurisdiction was always to be presumed. In ex amining the records of proceedings before those courts, upon the statute under consideration, no valid objection is perceived to giving consideration and weight to their early construction of the act, and their practice under it. The judge, in the case last noticed, uses, upon this subject, the following language:
“ I hold this to be a safe and a sound rule : when a statute law receives a construction by the judges constituting the judicial tribunals of the state, during the time, or where the courts adopt a practice under such statute, such construction and such practice become a part of the law. Rights are acquired, property is acquired, in the full confidence that, while the statute remains unchanged, the construction and practice under it will remain unchanged.” This court admits the correctness of all the principles established by the two cases cited, to the full extent of their bearing upon the case now under consideration ; and upon the strength of these authorities, it is believed that the judgment of the supreme court, under review, can be maintained.
The record .shows, that at a court of common pleas holden at Dayton, in the county of Montgomery, and State of Ohio, on the 25th of September, 1826, the following case was entered and pending before said court, to wit: “ David Lindsley & Rachael Brown, Administrators of the estate of Joseph Brown, deceased, v. The Heirs of Joseph Brown, deceased; petition to sell lands.” Then follows the petition for the sale of land to pay debts, in which it is set forth, “that the said Joseph Browrn died, leaving a widow, Rachael, your petitioner, and children, to wit: Sidney, intermarried with William Symmes, who is of age; Elizabeth and Thomas Brown, who are minors, and who are his heirs and the persons entitled to the estate by *373 descent.” Then follows the entry, and, thereupon, on motion the court appoint William Symmes guardian ad litem to the minor heirs of Joseph Brown, deceased. And the said William Symmes appeared in court and acknowledged an appearance as said guardian. It is shown by the bill of exceptions, that Sarah Ann, one of the plaintiffs, was about eight years of age when the petition was filed in court by the administrators, and 'that Rachael Brown, the widow of the intestate and mother of Sarah Ann, one of the plaintiffs, was appointed with said Lindsley to administer upon the estate of Joseph Brown deceased.
The provision of the act of 1824, directing the heirs to be made parties, is in these words: That when the executor or administrator shall apply to the court under this act, for authority to sell the real estate of their testator or intestate, the application shall be by petition, to which the lawful heir or the person having the next estate of inheritance of the testator or intestate, shall be made defendant. It will be seen that in the record now under examination, some of the heirs are named in the petition, but not all of them. In this respect it is like the case in the 7th Ohio Reports, and is supported by that authority, which decides that it is not necessary to the validity of the order of sale that all the names of the children be named in the petition.
In the case found in the 15th Ohio Reports, the guardian ad litem appeared and answered for the infant defendants. In the case now before the court, the record does not show that the guardian ad litem answered; but it shows that he acknowledged an appearance as said guardian. And if it be decided that jurisdiction over the person is obtained by appearing and answering, it will without much difficulty, be conceded that the appearance, the being in court, and not the answer, gives the jurisdiction. By our law, upon the return of the process or summons served, the defendant shall be considered as being in court, and may be proceeded against accordingly. So upon appearance, the defendant must be considered as in court; and if in court, any subsequent irregularities, though they may be *374 Sufficient to set aside the proceedings on certiorari as erroneous, cannot have the effect to render them void. The present record differs from those in the two cases above noticed, in not giving in any part of it, the names, of all the minors. The case is entitled “ the administrators,” (as the record shows, naming them,) “ against the heirs of Joseph Brown, deceased,” with out naming them; and the petition sets forth that the intestate left a widow and children, giving the names of the widow and part only of the children. After this, the record shows the appointment of a guardian ad litem to the minor heirs of Joseph Brown. According to this record, it cannot be denied that the appointment is in terms broad enough to embrace all the minor children; and if so, it may embrace Sarah Ann, one of the plaintiffs. It may be admitted, that the presumption usually arising from such an expression, would confine it to the children before named, or the children named in the petition. But that presumption limits the meaning of the expression, and is therefore not allowable when its effect is to defeat or destroy the jurisdiction that has been assumed and exercised by the court. ' If the-entry, after naming the minor heirs, had hereby added, including Sarah Brown, then the names of all the heirs would have appeared upon some part of the record; but that is not indispensable, and in the opinion of the court, the spirit of the cases above cited does not require that it should so appear. The record without such addition is sufficient to show that jurisdiction had been acquired. The case before us is briefly this: the personal property of the intestate not being sufficient to pay his debts, it became necessary that the administrators should sell real estate for that purpose. The mother of one of those plaintiffs, and her natural guardian and protect- or, who of all others, was the most likely to take care of her interests, joined with the other administrator in representing to the court that there was a necessity for selling this land, which had belonged to her husband, to pay debts which he had contracted in his lifetime. And on the representation of the administrators, an order was obtained from the court to make *375 sale of the land. After the lapse of years, this minor, now be come of age, brings an action of ejectment, seeking to set aside the proceedings and recover back the land, on the sole ground that her name, as it appears, is omitted in the petition and ia not found in form upon .the record. In consequence of this-omission, her interests, as she says, have not been protected. The children of the same parent who were infants also, as well as the child who was then of age, are all bound by the proceedings, because their names do appear in the petition. But there is no reason for supposing that they have suffered any injustice. If the presumptions in the case shall operate to bind the present plaintiff also, the injustice done to her can be no greater than that done to the others. They do not appear to have raised any objections to the proceedings, and there is no ground for supposing that she has any real cause of complaint.

Judgment affirmed.