By the Court.
The written notice of February 3, 1868, can not avail the defendants as an offer to confess judgment, ,as provided in section 498 of the code. The offer was not made in open court. Fike v. France, 12 Ohio St. 624. Can. *304 it be made available as an offer to allow judgment to betaken against them, as provided in section 493 ? That it should be regarded as an offer under the last-named section can scarcely be doubted, if the party to whom it was given could not have been misled by regarding it as a notice, under the first-named section, that an offer to confess would, be made in court, as provided in that section. Could the plaintiffs have been so misled ? We think not. It did not purport to be notice that an offer to confess would be made in the future. No day for making the offer in the future was named. It could not therefore have been regarded as a notice under section' 498. It was a notice under section 493, or it was of no legal import whatever.
The plaintiffs were notified of an offer in prcesenti, and the notice was in strict conformity with the terms of section 493, except only that the words “ to confess judgment were used instead of “ to allow judgment to be taken.” The difference between the two modes of making an offer-is technical rather than substantial. In either case, the judgment must be rendered by the court, and the words in each form clearly express the consent of the party making the offer to the rendition of the judgment. If the plaintiff had accepted the offer in the mode prescribed by the section, there can be no doubt that the court would and should have rendered judgment in the case for the amount agreed upon, without other or a formal confession of judgment. The provisions of the code and all proceedings under it are to be liberally construed with a view to promote its objects, and assist the parties in obtaining justice. Code, sec. 2.
It is claimed by defendants in error, that Fike v. France, 12 Ohio St. 624, and Armstrong v. Spears, 18 Ohio St. 373, are in point and decisive of this question, in favor of their view. We think these cases are clearly distinguishable from the present. In Fike’s case, the defendant merely placed a written offer to confess, etc., on file with the papers • in the case. The offer thus made was held to be ineffectual,, xmder section 498, because it was not made in open court.. *305 Of course, it was ineffectual under section 493, because it was not served on the plaintiff or his attorney. In Armstrong’s case, the offer relied on by defendant was found in his answer and was part thereof. The offer thus made was not available under either of said sections, as an offer to compromise, or an offer to confess, for the reasons above named.
In the case before us, the offer was in writing, was written on a separate paper, and was served on plaintiffs’ attorney, as directed by section 493. And we think it should have been regarded as an offer to compromise, within the provisions of that section.
The judgment of the District Courtis therefore reversed, and also the judgment of the Common Pleas, in so far as it was rendered in favor of the plaintiffs below for costs made after the service of the notice to compromise, etc.