Spear, C. J.
The circuit court found error in the judgment of the common pleas “in adjudging that the defendant should pay the costs in the said action made after the 29th day of August, 1888, the day on which the court finds from the evidence and records in the case, that an offer was made by defendant to allow judgment to be taken against him for one hundred and ninty ($190.00) dollars and costs, which offer so made was more than the recovery on trial.”
This raises the question of the legal effect of the offer, is in form following:

“In Holmes Common Pleas Court-.

“David TiptoN, plaintiff, against James W. Cross, Administrator of the Estate of Samuel Tipton, deceased) defendant.
“ Oeeer to CONFESS Judgment.
“This 29th day of August, A. D. 1888, came the defendant, James W. Cross, as administrator of the estate of Samuel Tipton, deceased, and offers to confess judgment for *366 the sum of one hundred and ninty ($190.00) dollars and costs, as provided in sections 514‘0 and 5141 of the Revised Statutes of Ohio. The said offer being in full of all claims-included in the petition of plaintiff for boarding, lodging, care and attention, expenses, etc., furnished by plaintiff to said Samuel Tipton, deceased.
“James Cross,
“Administrator of the estate of Samuel Tipton, deceased¡ by his attorneys, W. Stilwell and Church & Sullivan.
“Filed August 29, 1888.
“J. J. Strome, Clerk.”
Section 5140, referred to, provides that “the defendant in an action for the recovery of money only, may, at any time before trial, serve upon the plaintiff or his attorney, an offer in writing, to allow judgment to be taken against him for the sum specified therein; * * * * and if the plaintiff fail to obtain judgment for more than was offered by the defendant, he shall pay the defendant’s costs from the time of the offer.” Section 5141 provides that “ the defendant in an action for the recovery of money may offer in court to confess judgment for part of the amount claimed, or part of the-causes involved in the action; whereupon, if the plaintiff being present, refuses to accept such confession of judgment, in full of his demands against the defendant in the ’action, * * * * and on the trial do not recover more than was so offered to be confessed, and the interest thereon from the date of the offer, such plaintiff shall pay all the costs of the defendant incurred after the offer was made.”
It is insisted by the plaintiff that the offer to confess was ineffectual for three reasons: 1. The record does not show compliance with section 5140, because the evidence fails to prove that the offer to confess was served upon plaintiff’s attorney. 2. The attempted offer to confess judgment in open court was a failure because the plaintiff was not present, nor had he notice that the offer would be made, and the mere filing with the clerk could avail nothing. 3. The amount recovered by the plaintiff was in fact more than the amount of the offer.
*367 Passing the first two grounds, without holding for or against either, we think the case may, without difficulty, be disposed of upon the third.
Was the recovery more than the offer? It is important to note that at the time of the offer no answer had been filed. That pleading was filed several months after the offer was made. By it issue was taken upon plaintiff’s claim set out in the petition, and several items of set-off pleaded an4 a recovery asked upon them. To this reply was filed, taking issue upon the items of set-off, save one, which was admitted. So that, as a result, there were two separate causes to be tried in the' case, one upon the claim of plaintiff, denied by defendant, and the other upon the independent claims of defendant, denied by the plaintiff. Either party could have disposed of his own case by a dismissal, but could not have disposed of his adversary’s case without a .confession or trial. It is further important to note that defendant’s offer was in terms, an offer of judgment “in full of all claims included in the petition of plaintiff.” So that if the issue had been confined to the claim of plaintiff and the trial proceeded to ascertain only what plaintiff was entitled to recover upon his account, no one would insist that the result, as to costs, could be affected by defendant’s offer, for the verdict of the jury was “for the plaintiff on his cause of action, and assess his damages at $411.55,” a sum largely in excess of the amount of the offer.
Can the result be changed because of the further issue made subsequently by the set-off and the reply? We think not. True, the jury found, upon the further issue, for the defendant on his defense, i. e. his set-off, $237.75, and for the plaintiff for the balance, and, in that way, reduced his damages to $179.44, a sum less than the offer, and for that amount judgment was entered. But we think the.word “judgment,” as last used in section 5140, and the word “recover,” as used in section 5141, should be given a broad, and not a restricted, meaning. Judgment is the conclusion of law upon facts found, or admitted. It may be upon the main question, or on all of the questions, if there are several. This implies that there may be a judgment for *368 plaintiff upon an issue of fact found in his favor, and a judgment for defendant, in the same proceeding upon an issue of fact found in his favor. In this case, there being a finding on the claim to which the offer to confess was directed, i. e. the claim set up in the petition, as well as a finding upon the set-off of defendant, in legal effect, the judgment was that the plaintiff recover on his account $411.55, and the defendant on his set-off $237.75. This construction confines the effect of defendant’s offer to the purpose apparently intended by the party, and contemplated by the statute. It also harmonizes the two sections referred to with section 5143 and section 5349. These sections, and those hereinbefore cited, being in pari materia, should be considered together, and such construction given as will, if practicable, harmonize all the provisions. By the terms of section 5143 the provisions of the subdivision are to be applied, so far as applicable, to one of several causes of action, and to a tender or offer made by plaintiff to one or more of several causes of counterclaim or set-off, warranting the inference that, within the purpose of the entire subdivision, (the one relating to “tender and offer to confess judgment),” the offer is to be treated as applicable to such cause or causes of action, or to such cause or causes of counterclaim or set-off, as the party offering may, by the terms of the offer, designate, and excluding the inference that the effect of the offer is to be extended by implication, to causes, other than those coming fairly within its terms. Section 5349 is also consistent with this view. It provides that where it appears in a case that a justice of the peace has jurisdiction of an action brought in any other court, and the judgment is less than one hundred dollars, unless the recovery be reduced below that sum by counterclaim or set-off, each party shall pay his own costs.
Running through all this legislation we find a clear recognition of the distinction between the affirmative case of the plaintiff and the affirmative case of the defendant, and a purpose to regulate liability for costs by rules just and equitable to both parties.
The contrary construction would work manifest injustice. Upon learning of the defendant’s offer the plaintiff was, by *369 force of tbe statute, called upon to accept or refuse tbe amount named in full of his demand against tbe defendant. He bad a right to infer that tbe offer related solely to the claim made in tbe petition, and that if upon that claim, be should recover more than the offer and interest, be was in no danger of having costs adjudged against him. He was not bound to anticipate set-offs of which he had no notice and no reason to presume would be pleaded in the case. Had he accepted the offer, it would but have satisfied his own claim, and yet he would still have been liable to an action by defendant upon his set-offs and to a recovery thereon to a larger amount than he had consented to receive as satisfaction of his own claim. This, as the result shows, would have been rank injustice. The provisions of our remedial statutes should be construed with a view to promote justice, not to defeat it. A proper construction of the statutes, and justice as well, require that the offer, couched in the language in which it appears, and tendered before answer, should not be held to include or apply to, set-off subsequently pleaded, but should be confined in its application to the actual condition of the pleading and claim at the time the offer was made.
The record shows an entry December 1, 1888, of an offer in court, by defendant, to confess judgment for $193.00, and' cost. This offer was also made prior to the filing of the answer, and was “upon the causes of action stated in the petition.” It can avail nothing for reasons already stated. -The alleged tender is, also, for obvious reasons, of no effect.
In passing we add what is but a repetition of that which this court has before said (Armstrong v. Spear, 18 Ohio St. 373), that the allegation of offer to confess was improperly in the answer. Such averment tenders no proper issue-calling for proof at the trial. Indeed, evidence respecting; it, or even mention of it at the trial, is forbidden by section; 5142. Hence the averment is out of place in the pleadings.
The judgment of the circuit court will be reversed, and that of the common pleas affirmed.

Jttdgment reversed..